## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

COLIN SUTTLES,

               *Plaintiff,*

    v.

FACEBOOK, INC.,

               *Defendant.*

Case No. 1:18-cv-1004-LY

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

COLIN SUTTLES ("Plaintiff), individually and on behalf of all other persons similarly situated, brings this action against Defendant, FACEBOOK, INC. ("Defendant") to stop Defendant's practice of sending unsolicited text messages to the telephone of Plaintiff and to obtain redress for its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## INTRODUCTION

1.    Defendant is a social media company. For reasons unknown to Plaintiff, FACEBOOK, INC. sent text messages to Plaintiff's cellular phone encouraging him to go to facebook.com or providing verification codes assigned to unknown third parties. On information and belief, Defendant and or its agents sent these messages to Plaintiff using automated systems that failed to obey Plaintiff's text message command to "Stop."

2.    Plaintiff complains of two distinct violations of Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"): (1) Defendant repeatedly sent text messages to Plaintiff's cellular telephone without express consent using an automatic telephone dialing system ("ATDS"),

and after Plaintiff told Defendant to "Stop;" and (2) Defendant repeatedly sent unsolicited text messages to Plaintiff's cellular phone—whose number appears on the National Do Not Call Registry—without consent.

3.     The TCPA was enacted to protect consumers from unsolicited telephone solicitations exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an award of statutory damages under the TCPA up to $500.00 per violation for each DNC violation, statutory damages under the TCPA of at least $500 for each ATDS violation, and treble damages (for knowing and/or willful violations).

4.     By sending the text messages at issue in this Complaint, Defendant caused Plaintiff actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text messages, as well as the monies paid to his carrier for the receipt of such text messages.

5.     Plaintiff brings this action against Defendant to secure redress because Defendant willfully violated the TCPA by causing unsolicited text messages to be sent to Plaintiff.

## **PARTIES**

6.     Plaintiff COLIN SUTTLES is a natural person and citizen of Austin, TX.

7.     Defendant FACEBOOK, INC is a corporation organized under the laws of the State of Delaware. Defendant's principal place of business is in Menlo Park, California.  Defendant has been served with process and has appeared in this lawsuit.

8.     Plaintiff does not yet know the identity of Defendant's employees/agents that had direct, personal participation in or personally authorized the conduct found to have violated the statute and were not merely tangentially involved. They will be named, as numerous District Courts have found that individual officers/principals of corporate entities may be personally liable

(jointly and severally) under the TCPA if they had direct, personal participation in or personally authorized the conduct found to have violated the statute, and were not merely tangentially involved. *Texas v. American Blastfax, Inc.*, 164 F.Supp.2d 892, 899 (W.D. Tex. 2001) ("*American Blastfax*"); *Sandusky Wellness Center, LLC v. Wagner Wellness, Inc.*, 2014 WL 1333472, at * 3 (N.D. Ohio March 28, 2014); *Maryland v. Universal Elections*, 787 F.Supp.2d 408, 415-16 (D.Md. 2011) ("*Universal Elections*"); *Baltimore-Washington Tel Co. v. Hot Leads Co.*, 584 F.Supp.2d 736, 745 (D.Md. 2008); *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825, at *6 (D.C.Super Apr. 17, 2003); *Chapman v. Wagener Equities, Inc.* 2014 WL 540250, at *16-17 (N.D.Ill. Feb. 11, 2014); *Versteeg v. Bennett, Deloney & Noyes, P.C.*, 775 F.Supp.2d 1316, 1321 (D.Wy.2011) ("*Versteeg*"). Upon learning of the identities of said individuals, Plaintiff will move to amend to name the individuals as defendants.

9.      Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees, subsidiaries, or affiliates committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

10.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

11.      The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.  Furthermore, Defendant has purposefully availed

itself of the protections of Texas law, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

13.     Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District, and the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice.

## LEGAL BASIS FOR THE CLAIMS

14.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

15.     Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems— principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

16.     In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-

4

recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminate this established business relationship exemption.  Therefore, all pre-recorded telemarketing calls to residential lines and wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

17.     As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

- Prohibits certain calls to members of the Do-Not-Call Registry (unless proof of express invitation or permission)

---

[1] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.  47 C.F.R. § 64.1200(f)(8).

18.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

19.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

20.     There are just a handful of elements need to be proven for violations of the Do Not Call provision of the TCPA.

**A.  D̲O̲ N̲O̲T̲ C̲A̲L̲L̲ V̲I̲O̲L̲A̲T̲I̲O̲N̲S̲ O̲F̲ T̲H̲E̲ TCPA**

21.     More Than One Call within Any 12 Month Period. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

22.     Calls to Residential Lines on the Do Not Call List. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

23. <u>Or, Wireless Lines on the Do Not Call List</u>. Owners of wireless telephone numbers (aka mobile or cellular phones) receive the same protections from the Do Not Call provision as owners or subscribers of wireline ("landline") phone numbers. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

24. <u>The Affirmative Defense of Prior Express Consent</u>. Defendant has the burden to prove it has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed.  47 C.F.R. § 64.1200(c)(2)(ii).

## <u>FACTS SPECIFIC TO PLAINTIFF COLIN SUTTLES</u>

25. On or about January 17, 2006, Plaintiff Suttles registered his cellular phone number ending in 6767 with the National Do Not Call Registry.

26. Plaintiff Suttles is the regular carrier and exclusive user of the telephone assigned the number ending in 6767.  The number is assigned to a cellular telephone service for which Plaintiff Suttles is charged for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27.     Beginning on or about November 25, 2014, Plaintiff Suttles began receiving text messages on his cellular telephone from the numbers 320-99 and 326-65, with brief messages encouraging Plaintiff to visit facebook.com or sending him various confirmation codes that appear to be for unknown third parties, including, "Hannah," "Abel," and "Sandra." Plaintiff does not know individuals by these names or why he is receiving codes that appear directed toward them.

28.     Plaintiff Suttles has a Facebook account, but never provided his phone number to Defendant.

29.     Plaintiff Suttles never provided Defendant with prior express consent or express invitation or permission to contact him on his phone via a text message or telephone call.

30.     Nonetheless, Defendant sent text messages to Plaintiff Suttles at least 32 times on his phone during a four-year period, and at least 2 within a twelve-month period. The text messages were not personalized, contained random names, and always contained the same basic solicitation language, indicating a computer blasted advertisements to cell phone owners.

31.     Plaintiff Suttles texted STOP after the first text. Yet, he received 31 additional texts on his cellular phone. It was clear to Plaintiff that a computer was sending the texts and not recognizing his demands to stop.  Thus, Defendant utilized ATDS technology to blast text messages to consumers to encourage them to use Facebook.

32.     All text messages invited Plaintiff to logon and use Facebook, a social networking website that earns revenue from advertising to website viewers.  It logically follows that Facebook would want to recruit and encourage consumers like Plaintiff to use the website and see advertisements, so Facebook can sell more ad space.

33.     Defendant's text messages constituted messages that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

34.     Defendant's unsolicited text messages caused Plaintiff Suttles extreme aggravation and unjustifiably demanded his attention.

35.     Plaintiff's overriding interest is ensuring Defendant cease all illegal telemarketing practices and compensates him for invading his privacy in the manner the TCPA was contemplated to prevent.

36.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff brings suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits certain unsolicited calls and text messages to individuals whose numbers are registered on the Do Not Call Registry.

37.     Plaintiff seeks an injunction requiring Defendant to cease all illegal telemarketing and spam activities and an award of statutory damages, together with costs and reasonable attorneys' fees.

## STANDING

38.     Plaintiff has standing to bring this suit under Article III of the United States Constitution because Plaintiff's claims state: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision. *See Spokeo v. Robins*, 578 U.S. __ (2016) at 6; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

### A.  INJURY IN FACT

39.     Plaintiff has standing to bring this suit under Article III of the United States Constitution because Plaintiff's claims state: (a) a valid injury in fact; (b) an injury which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision.  *See Spokeo v. Robins*, 578 U.S. __ (2016) at 6; *Robins v. Spokeo,* 867 F.3d 1108 (9th Cir. 2017) (cert denied. 2018 WL 491554, U.S., Jan. 22 2018); *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560 (1992); and *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).

40.     Plaintiff's injuries must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.  *(Id.)*

41.     For an injury to be concrete it must be a de facto injury, meaning it actually exists. In the present case, Plaintiff took the affirmative step of enrolling himself on the National Do-Not-Call Registry for the purpose of preventing marketing calls to their telephones. Plaintiff also notified Defendant that he did not wish to receive texts.  Such telemarketing calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. *See Soppet v. enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).  All three of these injuries are present in this case.  (See also *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016).)

42.     Furthermore, the Third Circuit recently stated, Congress found that "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients," *Van Patten*, 847 F.3d at 1043, and sought to protect the same interests implicated in the traditional common law cause of action. Put differently, Congress was not inventing a new theory of injury when it enacted the TCPA. Rather, it elevated a harm that, while "previously inadequate in law," was of the same character of previously existing "legally cognizable injuries." *Spokeo*, 136 S.Ct. at 1549. *Spokeo* addressed, and approved, such a choice by Congress.  *Susinno v. Work Out World Inc.,* No. 16-3277, 2017 WL 2925432, at *4 (3d Cir. July 10, 2017).

43.     For an injury to be particularized means that the injury must affect the plaintiff in a personal and individual way. *See Spokeo* at 7.  Furthermore, Plaintiff is the person who pays for the phone, and is the regular carrier and user of the phone.  All of these injuries are particular to Plaintiff.

**B. TRACEABLE TO THE CONDUCT OF EACH SEPARATE DEFENDANT**

44.    Plaintiff must allege at the pleading stage of the case facts to show that his injury is traceable to the conduct of Defendant. In this case, Plaintiff satisfies this requirement by alleging that Defendant, and/or agents of Defendant on behalf of Defendant, placed illegal calls to Plaintiff's phone.

45.    In the instant case, Defendant placed calls (texts) to Plaintiff's wireless/cellular phone on multiple occasions.

**C. INJURY LIKELY TO BE REDRESSED BY A FAVORABLE JUDICIAL OPINION**

46.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.  In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past, and prevent further injury in the future.

47.    Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016) and in the context of a TCPA claim, as explained by the Ninth Circuit in *Chen v. Allstate Inc. Co.*, 819 F.3d 1136 (9th Cir. 2016), Plaintiff has standing to sue Defendant on the stated claims.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TCPA, 47 U.S.C. § 227**
**("DNC Claim")**

48.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

49.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

50.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

51.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff who registered his respective telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

52.     Defendant made more than one unsolicited telephone call to Plaintiff within a 12-month period without his prior express consent to send such text messages. Plaintiff never provided any form of consent to receive text messages from Defendant and Defendant does not have a record of consent to send text messages to Plaintiff.

53.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff.

## SECOND CAUSE OF ACTION
### (ATDS Claim)

55.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

56.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*. and 47 C.F.R. §64.1200, *et seq.*

57.     Specifically, Defendant violated the TCPA by sending texts to Plaintiff using an automatic telephone dialing system without first obtaining his express written consent to do so.

58.     As a result of Defendant's violations of 47 U.S.C. § 227, *et seq*., and 47 C.F.R. §64.1200, *et seq.,* Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

## (KNOWING AND/OR WILLFUL VIOLATION OF
## THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

60.     Plaintiff hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

61.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

62.     As a result of Defendant's violations of 47 U.S.C. § 227, et seq., and 47 C.F.R. §64.1200, et seq. Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## JURY DEMAND

63.     Plaintiff demands a jury trial on all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for the following relief:

(a)     An award of actual and statutory damages for each and every negligent violation pursuant to 47 U.S.C. § 227(b)(3)(B);

(b)     An award of actual and statutory damages for each and every knowing and/or willful violation pursuant to 47 U.S.C § 227(b)(3)(B);

(c)     An injunction requiring Defendant and Defendant's agents to cease all unsolicited telephone calling activities pursuant to 47 U.S.C. § 227(b)(3)(A);

(d)     Pre-judgment and post-judgment interest on monetary relief;

(e)     An award of reasonable attorneys' fees and court costs; and

(f)      All other and further relief as the Court deems necessary, just, and proper.


Dated:  June 20, 2019

Respectfully Submitted,


 /s/*Jarrett L. Ellzey*
W. Craft Hughes
Texas Bar No. 24046123
craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
jarrett@hughesellzey.com
Leigh S. Montgomery
Texas Bar No. 24052214
leigh@hughesellzey.com
**HUGHES ELLZEY, LLP**
1105 Milford St.
Houston, TX 77006
Phone: (713) 554-2377
Fax: (888) 995-3335

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      I certify that on June 20, 2019, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to Defendant's counsel of record.

                                          */s/ Jarrett L. Ellzey*
                                          Jarrett L. Ellzey