UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| COLIN SUTTLES, <br><br> *Plaintiff*, <br><br> v. <br><br> FACEBOOK, INC., <br><br> *Defendant*. | No. 1:18-cv-1004-LY |

## UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in the above-captioned case for the limited purpose of defending the constitutionality of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq*.

On July 5, 2019, Defendant filed a Notice of Constitutional Question pursuant to Rule 5.1(a). *See* ECF No. 34 (Rule 5.1 Notice). Specifically, the Notice states that Defendant's motion to dismiss Plaintiff's Second Amended Complaint "asserts that 47 U.S.C. § 227(b)(1)(A)(iii) violates the First Amendment, on its face and as applied, and thus that provision cannot be applied to imposed liability on Facebook in this case." *Id.* On July 9, 2019, the Court certified the constitutional question, as required by Rule 5.1(b) and 28 U.S.C. § 2403. *See* ECF No. 36 (Certification Order). Shortly thereafter, the Court granted the Government's unopposed request for additional time and ordered that the United States decide whether to intervene by November 4, 2019. *See* ECF No. 47.

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statute. Rule 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged. *See* Fed. R. Civ. P. 5.1(c). Rule 24 further permits a non-party to intervene when the non-party "is given an unconditional

1

right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question . . . ." 28 U.S.C. § 2403(a). In such an action, "the court . . . shall permit the United States to intervene . . . for argument on the question of constitutionality." *Id*. Here, Defendant has "drawn in question" the constitutionality of the autodialer provision of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Accordingly, the United States has an unconditional right to intervene to defend the statute.

This notification is timely filed and, as previously stated, the United States will file its memorandum in defense of the constitutionality of the TCPA concurrently with this notice of intervention; thus, this notification will not cause undue delay or prejudice to the parties in this matter. For these reasons, the United States hereby provides notice of intervention in this matter for the limited purpose of defending the constitutionality of the TCPA.

Respectfully submitted this 4th day of November, 2019,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

ERIC R. WOMACK
Assistant Director, Federal Programs Branch

*/s/ Anjali Motgi*_____
ANJALI MOTGI, Trial Attorney
TX Bar No. 24092864
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, D.C. 20530
(202) 305-0879 (tel.)
(202) 616-8470 (fax)
Anjali.Motgi@usdoj.gov

*Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2019, a copy of the foregoing pleading was filed electronically via the Court's ECF system which sent notification of such filing to counsel of record.

>   */s/ Anjali Motgi* _____
>   ANJALI MOTGI, Trial Attorney
>   TX Bar No. 24092864
>   United States Department of Justice
>   Civil Division, Federal Programs Branch
>   1100 L St., N.W.
>   Washington, D.C. 20530
>   (202) 305-0879 (office)
>   (202) 616-8470 (fax)
>   anjali.motgi@usdoj.gov